## WILLIAM B. TUNELL *vs.* JACOB LARSON.

### July 25, 1887.

**New Trial—Exclusion of Evidence.**—New trial ordered for exclusion of testimony as to declarations of a witness tending to impeach his testimony.

Plaintiff brought this action in the district court for Freeborn county, to recover the possession of personal property. The defendant for answer alleged that the property in question belonged to one Frederick Tunell, who had transferred it to plaintiff to defraud his creditors, and that the defendant as sheriff had levied upon it under executions against Frederick Tunell. The action was tried before *Farmer*, J., and a jury, and plaintiff had a verdict. Defendant appeals from an order refusing a new trial. Upon the trial the defendant, to impeach the testimony of Frederick Tunell, who had testified for the plaintiff, called one Finley and asked him whether or not, in a certain conversation, Frederick Tunell had stated to him that he had assigned his property to the plaintiff in order to prevent his creditors from getting hold of it. This question, upon plaintiff's objection, was excluded as immaterial and incompetent.

*Lovely, Morgan & Morgan*, for appellant.

*Whytock & Todd*, for respondent.

GILFILLAN, C. J.[1] The court erred in excluding the question put to the witness Finley, designed to call out a conversation between him and Frederick Tunell, in which the latter stated that he had assigned

[1] Berry, J., because of illness, took no part in this case.

the property to the plaintiff in order to prevent his creditors from getting hold of it. Frederick had been examined as a witness for plaintiff, and the whole course and tenor of his direct examination and testimony was directed to showing that the transfer was made in good faith, in the payment of an honest debt, and with no intent to defraud creditors. Upon this it was competent for the defendant to impeach that testimony by proving declarations of the witness to the effect that the transfer was made for a fraudulent purpose; the witness' attention, of course, being first called to the occasion on which the alleged declarations were made, so that he might have an opportunity to explain them. The attention of the witness Frederick was distinctly called to the alleged conversation, and he denied the declarations. The witness Finley ought to have been allowed to testify to them. As there should be a new trial for this reason, it is unnecessary to pass on the other assignments of error, though we will say that declarations as to the transfer of the exempt property, that transfer having been in no way connected with the one in controversy, were inadmissible.

Order reversed.