ANNA YOKI v. FIRST STATE BANK OF DETROIT.[1]

October 31, 1902.

Nos. 13,182—(158).

**Impeachment of Witness—Affidavit.**

> An affidavit, made by plaintiff in another action, containing statements tending to contradict the testimony given by her on the trial of this action, *held* improperly excluded from the evidence by the trial court.

Action in the district court for Becker county to recover $150, and interest, for the conversion of personal property. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for $108.63. From an order denying a motion for a new trial, defendant appealed. Reversed.

*Jeff H. Irish* and *A. G. Wedge,* for appellant.

*C. M. Johnston* and *J. F. Keene,* for respondent.

BROWN, J.

Action to recover the value of certain personal property alleged to have been wrongfully taken and converted by defendant. Plaintiff had a verdict in the court below, and defendant appealed from an order denying a new trial.

But one question is presented in this court, namely, whether the court below erred in excluding certain evidence offered by defendant tending to contradict plaintiff's claim of ownership. The plaintiff and one Axel Akren were formerly husband and wife, but were divorced at the suit of plaintiff, the wife, some time prior to the commencement of this action. The property in controversy consists of certain live stock, which plaintiff claims was her sole and separate property. Defendant claims title through a chattel mortgage executed upon the property by the husband prior to the divorce, and it is claimed that the husband was the owner of the property, and had the right to mortgage it. So the question litigated on the trial was as to the ownership of the mortgaged property. Plaintiff testified that she was such owner, and was

[1] Reported in 91 N. W. 1101.

corroborated to a certain extent by other evidence. The husband claimed that he was the owner, and he also was corroborated to a certain extent. Defendant offered in evidence, for the purpose of contradicting plaintiff, an affidavit made by her in the divorce action in support of an application for suit money, wherein she stated on oath that she was "without any means whatever with which to support herself or prosecute her action" against her husband, and that at the time of her marriage she had certain money and property, of the value of about $275, which she turned over and delivered to her husband, and which he had since appropriated and used as his own. The court excluded this affidavit on plaintiff's objection, and whether the ruling was error is the only question in the case.

We are of the opinion that the court should have admitted the affidavit. Its weight and effect as evidence were for the jury, and it was proper to go to them with the other evidence in the case. Whether it is sufficient to defeat her claim of title, we need not determine. It was competent and material evidence, and bore upon the question of her ownership, and should have been received. The statements in the affidavit might be explained away on various theories, but the explanations, whatever they may be, are for the jury, not for the court. For this error there must be a new trial. Tunell v. Larson, 37 Minn. 258, 34 N. W. 29. It is not a case for the application of the rule that when it is clear that the excluded evidence would not, had it been received, have changed the result, a new trial will not be granted, for we are not prepared to say what effect the jury would have given to the statements in the affidavit; nor can the order be sustained as a discretionary one.

Order reversed, and a new trial granted.